# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5658 | **DATE** | 5/2/2001 |
| **CASE TITLE** | FIDELITY NATIONAL TITLE vs. INTERCOUNTY NATIONAL TITLE, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motions to dismiss [221-1, 222-2, 213-1, 215-1, and 224-1] are granted in part and denied in part. Counts III, V, and IX-XII are dismissed with prejudice. The motions are denied in all other respects. Stewart's motion to strike the new factual allegations as they pertain to the counts surviving the original motion to dismiss [224-2] is granted. Defendants are directed to answer all remaining counts by May 14, 2001. ENTER MEMORANDUM OPINION AND ORDER.
(11) ■ [For further detail see order attached to the original minute order.]

DOCKETED
MAY 0 3 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FIDELITY NATIONAL TITLE INSURANCE )
COMPANY OF NEW YORK, a New York )
corporation, )
) No. 00 C 5658
)
Plaintiff, )
) Suzanne B. Conlon, Judge
v. )
)
INTERCOUNTY NATIONAL TITLE )
INSURANCE COMPANY, et al. )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Fidelity National Title Insurance Company of New York ("Fidelity") brings this action in its own capacity and as an assignee and subrogee of escrow beneficiaries under the terms of its assignments and insured closing letters for fraudulent concealment (Count I), breach of fiduciary duty (Count II), assisting in the breach of fiduciary duties (Count III), breach of escrow contract (Count IV), violation of the Illinois Consumer Fraud Act (Count V), violation of the Illinois Title Insurance Act (Count VI), unjust enrichment (Count VII), conversion (Count VIII), fraudulent transfers (Count IX), negligence (Count X), subrogation (Count XI) and implied indemnity (Count XII). Fidelity names the following defendants: Intercounty National Title Insurance Company ("INTIC"), Intercounty Title Company ("Intercounty Title"); INTIC Holding Company ("INTIC Holding") (collectively "Intercounty defendants" or "New Intercounty"); Stewart Title Company ("Stewart Title"), Stewart Title Guaranty Company ("Stewart Guaranty"), Stewart Information Services Corp. ("SISC") (collectively "Stewart"); Wholesale Real Estate Services, Inc. ("Wholesale" or "Old Intercounty"), ITI Enterprises, Inc. ("ITI"), Capjac Investments Group, Inc. ("Capjac"), Laurence W.



Capriotti ("Capriotti"), Terry Cornell ("Cornell"), Jack L. Hargrove ("Hargrove"), Alan L. Hurwick ("Hurwick"), Susan Peloza ("Peloza"), Michael Thyfault ("Thyfault"), James Wallwin ("Wallwin"), and Peter Waters ("Waters").

## BACKGROUND

On January 17, 2001, this court dismissed Counts I, III, V, and IX without prejudice. Fidelity filed an amended complaint in March, which re-alleged the dismissed counts, added new factual allegations, and asserted additional claims against Stewart for negligence, subrogation, and implied indemnity. Stewart, ITI, Wholesale, Waters, and Hargrove (collectively "defendants") move to dismiss Counts I, III, V, and IX of the amended complaint, pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6). In addition, Stewart moves to dismiss Counts VI, VIII, and X-XII and to strike the new factual allegations as they pertain to counts upheld in the January 17th order, pursuant to Fed.R.Civ.P. 12(b)(6) and 15(a).[1]

## DISCUSSION

### I. Motion to dismiss standard

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim may be dismissed only if there is no set of facts that would entitle the plaintiff to relief based on the allegations in the complaint. *Vonderohe v. B & S of Fort Wayne, Inc.*, 36 F.Supp.2d 1079, 1081 (7th

---

[1] Stewart's motion to dismiss Counts VI and VIII is denied for the reasons discussed in this court's January 17th order.

Cir. 1999). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## II. Rule 9(b)

Defendants move to dismiss Counts I, III, V and IX for failure to plead fraud with the requisite particularity.[2] Rule 9(b) requires plaintiffs to state with particularity the circumstances on which they base their fraud claims. *Uni Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992). Rule 9(b) is meant to ensure defendants receive fair notice. *Haroco, Inc. v. American National Bank and Trust Co. of Chicago*, 747 F.2d 384, 405 (7th Cir. 1984).

In the January 17th opinion, this court found Fidelity has not satisfied 9(b)'s requirements because (1) the complaint repeatedly lumped defendants together in its fraud allegations; (2) the specific acts allegedly committed by each defendant were unclear; and (3) dollar amounts and relevant dates were not specified. As a result of these deficiencies, defendants were not given fair notice of the allegations against them.

In the amended complaint, Fidelity adds 50 new factual paragraphs. Fidelity asserts these paragraphs provide specific details about what each defendant allegedly knew in regard to escrow deficiencies, the dates they engaged in fraudulent activities, and the exact dollar amounts and descriptions of fraudulent escrow transactions. Defendants contend these additions still fail to satisfy Rule 9(b)'s requirements.

---

[2]Rule 9(b) applies when an alleged breach of a fiduciary duty is based on fraud. *See Thornton v. Evans*, 692 F.2d 1064, 1083 (7th Cir. 1983). Claims brought under the Illinois Consumer Fraud Act are also subject to the heightened pleading requirements of Rule 9(b). *See e.g., Gallagher Corp. v. Mass. Mut. Life Ins. Co.*, 940 F.Supp. 176, 180 (N.D. Ill. 1996).

3

### A. Count I

Fidelity asserts defendants are liable for fraudulent concealment. The elements of a fraudulent concealment claim are: (1) concealment of a material fact; (2) concealment was intended to induce false belief, under circumstances creating a duty to speak; (3) an innocent party could not have discovered the truth through reasonable inquiry or inspection and relied upon silence as misrepresentation that the fact did not exist; (4) concealed information was such that injured party would have acted differently had it been aware of the information; and (5) reliance by the party from whom fact was concealed led to that party's injury. *Ruane v. Amore*, 67 N.E.2d 1369, 1377 (Ill.App.Ct. 1997).

Defendants contend Fidelity's fraudulent concealment claim must be dismissed because Fidelity fails to allege specific fraudulent acts on the part of each defendant. However, passive silence is sufficient to trigger the fraudulent concealment doctrine when the defendants are in a continuing fiduciary relationship with the plaintiff. *Pitts v. Unarco Industries, Inc.*, 712 F.2d 276, 279 (7th Cir. 1983). Fidelity alleges that all defendants knew about Intercounty's escrow deficiencies, did not disclose this information, and "had a duty, as fiduciaries to the escrow accounts, to disclose said deficiencies to the escrow beneficiaries." Cmplt. at ¶¶ 110-112. These allegations are sufficient to plead fraudulent concealment. A plaintiff cannot reasonably be expected to set forth the exact manner in which defendants allegedly concealed escrow deficiencies. *Towers Financial Corporation v. Solomon*, 126 F.R.D. 531, 536 (N.D. Ill. 1989). "Where, as here, the fraud claim is based on material omissions, it is unlikely that plaintiffs know the full extent of the deception or how it was achieved. This lack of complete knowledge does not prohibit them from recovering for the alleged fraud." *Id.* Accordingly, the motion to dismiss Count I must be denied.

### B. Counts III, V, and IX

Despite this court's admonitions in the January 17th order, Fidelity continues to lump all defendants together in Counts III, V, and IX. *See* Cmplt. at ¶ 124, 134-136, 155, 158. These counts assert that defendants are liable for all the alleged fraudulent actions without explaining each defendant's involvement in the actions. "A complaint does not satisfy Rule 9(b) if it makes blanket allegations that fail to specifically identify the defendants who made each misrepresentation or omission." *In re VMS Securities Litigation,* 752 F.Supp. 1373, 1391 (N.D. Ill. 1990); *Sears v. Likens,* 912 F.2d 889, 893 (7th Cir. 1990) (complaint may not "lump all the defendants together" and fail to specify "who was involved in what activity"); *Coronet Ins. Co. v. Seyfarth,* 665 F.Supp. 661, 666 (N.D. Ill. 1987) ("plaintiffs may not 'lump' defendants together in general allegations of fraudulent activity, implying that each defendant is responsible for the statements and actions of others"). Even if Fidelity had provided sufficient detail regarding each defendant's actions earlier in the complaint, later counts lacking clarity cannot be upheld. *See In re VMS Securities Litigation,* 752 F.Supp. at 1392 (rejecting plaintiff's argument that a count was pleaded with sufficient particularity because the count built on details previously set forth in the complaint). This is the second time Fidelity has failed to plead its fraud allegations with sufficient particularity. Accordingly, Counts III, V, and IX must be dismissed with prejudice.[3]

### E. Counts VIII-XII and Fidelity's new allegations

Fidelity asserts new claims against Stewart in its amended complaint, namely conversion, negligence, and implied indemnity. In addition, Fidelity's amended complaint adds new allegations to the counts upheld in the January 17th order.

---

[3] All other arguments pertaining to these counts are moot.

After a responsive pleading is served, a party must obtain leave of court or written consent of the opposing party prior to amending a pleading. Fed.R.Civ.P. 15(a). Fidelity never sought leave to add new counts or new allegations to the counts surviving defendants' original motion to dismiss. In fact, Fidelity never sought leave to correct deficiencies in the counts that were dismissed without prejudice. This court was notified of Fidelity's intention to correct the deficiencies when defendants moved to set a time for the filing of an amended complaint, after Fidelity's counsel notified them that Fidelity was filing an amended complaint to re-allege the dismissed counts. In response to defendants' motion, this court ordered Fidelity to file an amended complaint by March 2, 2001. Fidelity did not alert the court or defendants to the fact that they planed to assert new counts and new allegations pertaining to the surviving counts. Permission to file an amended complaint was based solely on Fidelity's apparent desire to correct deficiencies in the dismissed counts. Accordingly, Counts X-XII and the new factual allegations as they pertain to the counts surviving the original motion to dismiss must be stricken.

Even if Fidelity now properly requests leave to add new causes of action and additional facts to support the surviving counts, the request would not be granted. Leave to amend should be granted when justice so requires, but leave will be denied in cases of undue delay resulting in prejudice to the nonmoving party. *Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 928 (7th Cir. 1999); *Garner v. Kinnear Manufacturing Co.*, 37 F.3d 263, 269 (7th Cir. 1994). Fidelity has not explained why Counts X-XII and the new factual allegations could not have been included in the original complaint filed more than seven months ago. Furthermore, allowing Fidelity to make these additions would require defendants to conduct additional discovery and incur substantial costs at a stage when fact discovery should be approaching completion and expert discovery is approaching. *Doherty v. Davy Songer,*

*Inc.*, 195 F.3d 919, 928 (7th Cir. 1999) (when tardiness of a motion to amend causes defendant undue prejudice, the motion may be denied); *See also Continental Bank v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (denial of motion to amend, filed two years after the filing of the original complaint, was proper when facts could have been plead at any time after the filing of the original complaint and the defendant "would have been put to additional discovery, and thus prejudice" if the amendment were allowed).[4]

## CONCLUSION

Defendants' motions to dismiss are granted in part and denied in part. Counts III, V, and IX-XII are dismissed with prejudice. The motions are denied in all other respects. Stewart's motion to strike the new factual allegations as they pertain to the counts surviving the original motion to dismiss is granted.

ENTER:

*[signature]*

Suzanne B. Conlon
United States District Judge

May 2, 2001

---

[4] In regard to Hargrove's arguments pertaining to arbitration, the untimely motion to dismiss in favor of arbitration has previously been denied. Defendants have effectively waived any rights to arbitration.

7