Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5658 | **DATE** | 5/18/2001 |
| **CASE TITLE** | Fidelity vs. Intercounty | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and Recommendation to Hon. Suzanne B. Conlon recommending that judgment be entered in favor of plaintiff Fidelity National Title Insurance Co. of New York and against defendant Capjac Investment Group, Inc. in the amount of $6,661,885.10 is submitted herewith. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. Lorentzen v. Anderson Pest Control, 64 F.3d 327, 330 (7th Cir. 1995). /s/ Geraldine Soat Brown

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAY 21 2001 | |
| | Notified counsel by telephone. | date docketed | 256 |
| | Docketing to mail notices. | FILED FOR DOCKETING | CM |
| | Mail AO 450 form. | 01 MAY 18 PM 4: 02 | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. | | 5/18/20016 |
| | | | date mailed notice |
| tw | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

DOCKETED
MAY 21 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>INTERCOUNTY NATIONAL TITLE INSURANCE COMPANY, et al.<br><br>Defendants. | Cause No. 00 C 5658<br><br>Judge Suzanne B. Conlon<br>Magistrate Judge Geraldine Soat Brown |

To: The Honorable Suzanne B. Conlon
United States District Court Judge

## REPORT AND RECOMMENDATION

Geraldine Soat Brown, United States Magistrate Judge

On December 13, 2000, the District Judge granted the motion of plaintiff Fidelity National Title Insurance Co. of New York ("Fidelity") for an order of default against certain defendants, including Capjac Investment Group, Inc. ("Capjac"). [Dkt #51.] Subsequently, certain of those defaulted defendants moved for leave to vacate their default, which was granted. [Dkt #77.] The District Judge referred to this Court the issue of damages on the plaintiff's motion for default. [Dkt #51.] For the reasons stated below, this Court respectfully recommends that the District Court enter judgment in favor of Fidelity and against Capjac in the amount of $6,661,885.10.

After receiving the referral, this Court set a schedule for Fidelity to submit its proof of damages against Capjac., for the submission of any responses or objections, and for hearing.

1

Fidelity was ordered to send a copy of the minute order to Capjac. (Minute Order, Jan. 24, 2001.) [Dkt #115.] Subsequently, Fidelity moved for an extension of time, which was granted, and the date for submission of responses or objections and for hearing were likewise extended. Fidelity was ordered to send a copy of that minute order to Capjac as well. (Minute Order, Feb. 22, 2001.) [Dkt #151.]

Fidelity timely filed its Memorandum in Support of Entry of Judgment Against Capjac Investment Group, Inc. with exhibits. [Dkt #195.] No response or objection from Capjac or any other party was filed. At the hearing on Fidelity's proof of damages on May 16, 2001, counsel for Fidelity stated that Fidelity had not received any response or objection from any party. Fidelity's counsel stated that the minute orders had been served on Capjac as required.

Fidelity's Complaint against Capjac asserts claims of unjust enrichment and conversion related to allegedly improper transfers of monies to Capjac from real estate escrow accounts held first by Intercounty Title Company of Illinois ("Old Intercounty") and later by Intercounty Title Company ("New Intercounty"). (Complaint, ¶¶ 1-6.) [Dkt #1.]

At the hearing, Fidelity called as its witness William Pollard, who had submitted an affidavit included as an exhibit to Fidelity's Memorandum. Mr. Pollard is a certified public accountant with the firm of Deloitte & Touche who has been retained by Fidelity to assist in Fidelity's investigation of the deficiencies in the escrow accounts. Mr. Pollard stated in his affidavit and testimony that he had reviewed books and records of Old Intercounty and New Intercounty relating to the real estate escrow accounts, including bank statements and a database of escrow transactions. Those records reflect transactions in which funds were paid out of the escrow accounts to Capjac for which there

is no corresponding deposit of funds.[1] In some instances, the records for the payments show an offsetting deposit, but on examining the bank statements, no record could be found that an actual transfer of funds had been, in fact, made to the account. The record entries of payments for which Mr. Pollard could find no actual deposit, (which he referred to as "unreceived" or "phantom" deposits) were marked in the Intercounty database with a "B" and the "paid date" field of the database was blank.

Another circumstance that drew Mr. Pollard's attention was the fact that many of the payments to Capjac for which there was no recorded deposit or for which there was only a "phantom deposit" were in round numbers, for example, $40,000, which, he testified, is unusual for a payout from a real estate escrow.

Mr. Pollard's affidavit included two tables showing, for each questioned payment to Capjac, the escrow file number, the check number, the check date, the date the check was paid out of the account and the amount of the check, with a cross reference to the attached exhibit from Old Intercounty or New Intercounty's bank records.

In summary, Mr. Pollard testified that from 1990 to 1995, a total of $5,979,363.58 was paid to Capjac out of escrow accounts held by Old Intercounty for which there was no offsetting receipt of funds by the escrow accounts; and that from 1996 to 1999, a total of $682,521.52 was paid to Capjac out of escrow accounts held by Old Intercounty and later by New Intercounty for which there was no offsetting receipt of funds by the escrow accounts, for a total of $6,661,885.10.

---

[1] Because these were escrow accounts, the payments out of the account and deposits into the account should balance.

3

This Court found Mr. Pollard to be a credible witness, and his testimony was supported by the documents attached to his affidavit. Thus, this Court concluded that Fidelity had proven damages against Capjac in the amount of $6,661,885.10.

For the foregoing reasons, this Court respectfully recommends that the District Court enter judgment in favor of plaintiff Fidelity National Title Insurance Co. of New York and against defendant Capjac Investment Group, Inc. in the amount of $6,661,885.10.

Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

**ENTER:**

*[signature]*

**Geraldine Soat Brown**
**United States Magistrate Judge**

**Dated: May 18, 2001**