Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5658 | **DATE** | 5/23/2001 |
| **CASE TITLE** | FIDELITY NATIONAL TITLE INSURANCE vs. INTERCOUNTY NATIONAL TITLE INSURANCE, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Counter-plaintiffs' motion for leave to amend the counter-complaint and third-party complaint [231-1] is granted in part and denied in part. Counter-plaintiffs are granted leave to amend Counts VII, VIII, and IX. The motion is denied with respect to Count XI. Counter-defendants shall answer or otherwise plead to amended Counts VII, VIII, and IX by June 8, 2001. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>INTERCOUNTY NATIONAL TITLE INSURANCE COMPANY, et al.<br><br>Defendants. | No. 00 C 5658<br><br>Suzanne B. Conlon, Judge<br><br>DOCKETED<br>MAY 25 2001 |

## MEMORANDUM OPINION AND ORDER

Fidelity National Title Insurance Company ("Fidelity-Title") sues to recover damages caused by an allegedly fraudulent scheme to loot millions of dollars from real estate escrow accounts held first by Intercounty Title Company of Illinois ("Old Intercounty") and later by Intercounty Title Company ("Intercounty").

Intercounty, Intercounty National Title Insurance Company ("INTIC"), INTIC Holding Company ("INTIC Holding"), Susan Peloza ("Peloza"), and Terry Cornell ("Cornell") (collectively "counter-plaintiffs") counterclaim for damages caused by Fidelity-Title and assert a third party complaint against Fidelity National Financial, Inc. ("FNF") and Fidelity National's senior vice-president Thomas E. Simonton ("Simonton") (collectively "Fidelity"). Specifically, counter-plaintiffs sue Fidelity for violation of the Illinois Antitrust Act, § 3(3) (Count I), violations of the Sherman Antitrust Act, §§ 1 and 2 (Count II), breach of contract (Counts III-IV), breach of fiduciary duty (Count V), tortious interference with contract (Count VI), fraud (Counts VII-IX), negligent misrepresentation (Count X), and defamation (Count XI). On March 29, 2001, this court denied

motions to dismiss six of counter-plaintiffs' claims. Counts I and II were dismissed with prejudice. Counts IX was dismissed without prejudice. Count VIII was dismissed only as it pertained to the claims of Peloza and Cornell. Count XI was dismissed only as it pertained to Intercounty, INTIC, and INTIC Holding. Counter-plaintiffs now seek to amend their counter-complaint and third-party complaint to re-plead Counts VIII, IX, and XI and to add two parties in Count VII.

## DISCUSSION

### I. Motion to amend standard

Leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "However, leave to amend is inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . or futility of the amendment." *Feldman v. American Memorial Life Insurance Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (internal quotes and citations omitted). An amendment is futile when it cannot withstand a motion to dismiss. *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992). Fidelity contends counter-plaintiffs' motion to amend should be denied because the amendments could not survive a motion to dismiss.

### II. Counts VII and VIII

Counter-plaintiffs seek to add Peloza and Cornell to Count VII's fraud allegations and to re-plead Count VIII as it pertains to Peloza and Cornell. Fidelity contends these proposed amendments should be denied because Peloza and Cornell lack standing to sue as individual shareholders. It is true that when injury to a corporation injures all shareholders alike, the action is derivative and must be brought in the corporation's name. *Frank v. Hadesman and Frank, Inc.*, 83 F.3d 158, 160 (7th Cir.

2

1996). "Injury to the corporation does not, however, prevent suit by an investor who suffers a distinct personal injury." *Id.*

In Count VII, counter-plaintiffs allege "Simonton and Fidelity-Title's false statement that they would extend Fidelity-Title's relationship with INTIC was part of a scheme to defraud INTIC, INTIC Holding, and New Intercounty of their value as businesses, and to defraud Peloza and Cornell of their business." Amended counter-complaint ("Am. Cmplt.") at ¶ 129. In Count VIII, counter-plaintiffs allege that Fidelity falsely stated that the deficiency in escrow funds would not be reasserted as a basis for cancellation of a reinsurance agreement. *Id.* at ¶¶133-37.

The issue that must be decided for standing purposes is whether Peloza and Cornell can prove distinct personal injuries based on their allegations. Peloza and Cornell contend the fraudulent actions alleged in Counts VII and VIII damaged their personal and professional reputations and their business prospects. *Id.* at ¶¶ 131, 138. Peloza and Cornell are the owners of INTIC Holding, which in turn owns INTIC. Therefore, the only apparent way the alleged fraudulent statements could have injured Peloza's and Cornell's reputation and business prospects is by injuring the corporate entities. As this court held in its March 29th order, "An action in which the holder can prevail only by showing an injury or breach of duty to the corporation should be treated as a derivative action." *Frank*, 83 F.3d at 160.

Peloza and Cornell further allege Fidelity's actions prevented them from establishing an alliance with another reinsurer. The only apparent reason for establishing an alliance with another reinsurer would be to protect a corporation from financial liability. Therefore, Peloza and Cornell would be injured by their inability to obtain reinsurance only to the extent their corporation was injured. Because Peloza's and Cornell's inability to obtain reinsurance is entirely derivative of Fidelity's alleged breach of duty to INTIC, this alleged injury would not give them standing.

3

Peloza and Cornell further allege in Count VII that they were injured because Fidelity's fraudulent actions caused them to lose their personal stockholdings. Specifically, they claim they granted Fidelity a security interest in 100% of their capital stock in INTIC, INTIC Holding, and New Intercounty as a result of Fidelity's misrepresentation. Am. Cmplt. at ¶ 130. Transfer of stock is an injury separate and distinct from any injury to a corporation. *See Frank*, 83 F.3d at 160 (cancellation of a shareholder's shares is a direct personal injury). Accordingly, Peloza and Cornell have standing to bring Count VII.

In Count VIII, Peloza and Cornell further claim injury based on their pledge of collateral to Fidelity. Specifically, they pledged their accounts receivable and profits to Fidelity and agreed to use Fidelity's title services exclusively in reliance on the alleged misrepresentations. Like the transfer of stock certificates, these injuries are separate and distinct from injuries to their corporation. Accordingly, Peloza and Cornell have standing to bring Count VIII.[1]

### III. Count IX

This court dismissed Count IX in the March 29th order for failure to allege fraud with sufficient particularity. Counter-plaintiffs have corrected these deficiencies in the proposed amendment to Count IX. They have alleged the time, place, and manner in which the fraudulent statements were made. In addition, they have indicated which parties participated in each alleged incident of fraud.

Fidelity contends counter-plaintiffs have failed to establish justifiable reliance and damages incurred by the Intercounty defendants. However, counter-plaintiffs clearly allege that they relied upon Fidelity's alleged fraudulent behavior and that the Intercounty defendants were damaged. Am.

---

[1] Fidelity's arguments regarding the forum selection clause in the March 24, 2000 indemnification agreement do not establish that the amendments to Counts VII and VIII are futile. All facts are interpreted in favor of the nonmovant for purposes of a motion to dismiss.

Cmplt. at ¶ 144. This is sufficient to survive a motion to dismiss. Accordingly, the amendments to Count IX are not futile.

IV.     **Count XI**

Counter-plaintiffs' proposed amendment to Count XI attempts to re-assert a claim for defamation on behalf of INTIC, INTIC Holding, and Intercounty. The defamation claim is based on a letter in which Fidelity stated that Peloza and Cornell were involved in criminal activities. This court dismissed INTIC, INTIC Holding, and Intercounty from the original Count XI after finding the allegations were insufficient to establish the letter was defamatory in regard to them.

Counter-plaintiffs made two changes in the amended Count XI. They allege "people in the community knew that Peloza and Cornell were principals of INTIC and New Intercounty." Am. Cmplt. at ¶ 156. They further allege "Simonton also wrote that the supposed criminal activities of Peloza and Cornell, principals of INTIC, INTIC Holding, and New Intercounty, were discovered in connection with an audit of INTIC, thereby defaming INTIC and New Intercounty as well." *Id.* at ¶ 155. These new allegations fail to cure the deficiencies in the original count. The letter does not contain a specific false statement about these corporate entities. The letter merely states that the audit of INTIC "clearly identifies Susan Peloza and Terry Cornell's involvement in criminal activities since 1990." In fact, New Intercounty and INTIC Holding are not even mentioned in the letter.

Counter-plaintiffs contend the fact that the corporate entities are not mentioned by name in the defamatory statement does not prevent the statement about criminal activity from being defamatory *per se* as it pertains to them.[2] This argument misses the point. "Words are not defamatory *per se* if

---

[2]Counter-plaintiffs cite *Brown & Williamson Tobacco Corporation v. Jacobson*, 713 F.2d 262 (7th Cir. 1983) in support of their contention that defendants do not have to be mentioned by name in a statement in order for the statement to be considered defamation *per se*. *Brown & Williamson*

5

they are reasonably capable of an innocent construction." *Pope v. Chronicle Publishing Company*, 95 F.3d 607, 613 (7th Cir. 1996). Whether a statement can be construed innocently is a question of law. *Id.* The statement at issue can reasonably be construed as meaning Peloza and Cornell were involved in criminal activity and that this fact was discovered during the audit of INTIC. The letter itself does not implicate the corporate entities in criminal activity. At most, counter-plaintiffs have alleged circumstances from which it could be *inferred* that the statement about criminal activity was defamatory as to INTIC, INTIC Holding, and New Intercounty. When extrinsic facts must be pled to establish defamation, it is construed as *per quod* defamation. *Skolnick v. Correctional Medical Services, Inc.*, 132 F. Supp.2d 1116, 1123 (N.D. Ill. 2001). To establish *per quod* defamation, counter-plaintiffs must allege special damages with specificity. *Id.* Counter-plaintiffs have not done so. Therefore, they have failed to sufficiently plead defamation as it pertains to INTIC, INTIC Holding, and New Intercounty. It would be futile to grant counter-plaintiffs' motion to amend Count XI.

## CONCLUSION

Counter-plaintiffs' motion for leave to amend the counter-complaint and third-party complaint is granted in part and denied in part. Counter-plaintiffs are granted leave to amend Counts VII, VIII, and IX. The motion is denied with respect to Count XI. Counter-defendants shall answer or otherwise plead to amended Counts VII, VIII, and IX by June 8, 2001.

---

is distinguishable because that case involved specific defamatory statements about cigarette companies and Brown & Williamson was clearly a cigarette company. No extrinsic facts needed to be pleaded to establish defamation.

6

ENTER:

May 23, 2001

*[signature: Suzanne B. Conlon]*
Suzanne B. Conlon
United States District Judge