# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5658 | **DATE** | 7/9/2001 |
| **CASE TITLE** | FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK vs. INTERCOUNTY NATIONAL TITLE INSURANCE COMPANY, | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The Stewart defendants' motion to strike J. Bushnell Nielsen's expert report and bar his testimony [307-1] is granted. ENTER MEMORANDUM AND OPINION ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 1 2 2001 date docketed | 313 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | 00-7 FILED FOR DOCKETING | CM docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JUL 11 PM 12:32 | 7/9/2001 date mailed notice | |
| sb | courtroom deputy's initials | Date/time received in central Clerk's Office | pg6 mailing deputy initials | |

DOCKETED
JUL 1 2 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, <br><br> Plaintiff, <br><br> v. <br><br> INTERCOUNTY NATIONAL TITLE INSURANCE COMPANY, et al. <br><br> Defendants. | No. 00 C 5658 <br><br> Suzanne B. Conlon, Judge |

## MEMORANDUM OPINION AND ORDER

Defendants Stewart Information Services, Corp., Stewart Title Guaranty Co., and Stewart Title Co. (collectively "Stewart defendants") move to strike the expert report of J. Bushnell Nielsen, Esq. ("Nielsen") submitted by plaintiff Fidelity National Title Insurance Company of New York ("Fidelity") and to bar Nielsen from testifying at trial or submitting any affidavits, pursuant to Fed.R.Civ.P. 26(a) and 37(c)(1). Specifically, Stewart defendants contend Nielsen's report contains improper legal opinions and conclusory assertions. In addition, Stewart defendants argue the report does not adequately detail Nielsen's expert qualifications.

### DISCUSSION

**I. Applicable rules**

**A. Rule 26(a)**

Parties must disclose the identity of those persons whom they might use to present expert

21 2

evidence at trial. Fed.R.Civ.P. 26(a)(2)(A). These disclosures must be accompanied by a written report prepared and signed by the witness. *Id.* at 26(a)(2)(B). "The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; [and] the qualifications of the witness . . ." *Id.* "Expert reports must not be sketchy, vague, or preliminary in nature." *Salgado v. General Motors Corporation*, 150 F.3d 735, 742, n. 6 (7th Cir. 1998) (citing advisory committee note for Rule 26(a)).

### B. Rule 37(c)(1)

A party that fails to comply with Rule 26(a)'s disclosure requirements may be precluded from using the undisclosed information as evidence at trial, unless the non-disclosure was harmless. Fed.R.Civ.P. 37(c)(1). "In addition to or in lieu of this sanction, the court . . . may impose other appropriate sanctions . . ." *Id.*

## II. Motion to strike

### A. Timing of motion

Fidelity contends the motion to strike is premature because objections to expert testimony should be addressed at trial. In support of their argument, they cite this court's opinion in *In re Air Crash Disaster At Sioux City, Iowa, on July 19, 1989*, No. 89 C 8082, 1991 WL 279005 (N.D. Ill. December 26, 1991). *In re Air Crash Disaster* does not support Fidelity's argument because in that case the experts' improper legal conclusions were barred *prior* to trial. *See id.* at *9.

Similarly, Fidelity's citations to *Eastern Trading Company v. Refco, Inc.*, No. 97 C 6815,

1999 WL 59979 (N.D. Ill. February 2, 1999) and *Clintec Nutrition Company v. Baxa Corportation.*, No. 94 C 7050, 1998 WL 560284 (N.D. Ill. August 26, 1998) fail to support its position. In *Eastern Trading Company*, this court ruled that it would not bar expert testimony prior to trial. However, the court noted that "federal district courts may exclude evidence in advance of trial when the evidence is clearly inadmissible." 1999 WL 59979 at * 1 (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)). There is no blanket rule prohibiting the exclusion of expert testimony or reports prior to trial.

*Clintec Nutrition Company* is also distinguishable. In that case, the motion to exclude expert testimony prior to trial was based on the expert's failure to provide a complete statement of the information he considered in reaching his opinions. 1998 WL 560284, at * 6. The court denied the motion because the report contained enough supporting data for the movant to adequately depose the expert. In contrast, Stewart defendants contend Nielsen's report provides no basis for many of his opinions. In addition, they object to the nature of the opinions that Nielsen offers.

Fidelity further contends neither Rule 26(a) nor 37(c)(1) provides any basis for striking a timely-filed expert report. The court disagrees. Rule 26(a) sets clear standards for expert witness reports. Rule 37(c)(1) provides that information not revealed to the opposing party in accordance with Rule 26(a) may be excluded at trial. *See also Salgado*, 150 F.3d at 742 (expert report may be stricken for failure to comply with Rule 26(a)).[1]

---

[1] Fidelity asserts that *Salgado* is distinguishable because the case "concerned literal non-disclosure under Rule 26(a)." Fidelity Resp. at p. 4. This distinction lacks merit. The court in *Salgado* found that the expert report provided no basis for some of its opinions. Stewart defendants advance the same argument.

## B. Improper opinions

Stewart defendants contend Nielsen's report includes improper opinions on the law and legal duties. Experts are not allowed to testify to legal conclusions or the legal meaning of words. *Harbor Insurance Company v. Continental Bank Corporation*, 922 F.2d 357, 367(7th Cir. 1990); *Panter v. Marshall Field & Co., et al.*, 646 F.2d 271, 294, n.6 (7th Cir. 1981) ("It is not for witnesses to instruct the jury as to applicable principles of law, but the judge"). However, experts are allowed to testify about the customs and standards of an industry when that testimony is used to explain the terms of ambiguous contracts or to supplement the terms of a contract. *Rush Presbyterian St. Luke's Medical Center v. Safeco Insurance Company of America, et al.*, 722 F.Supp. 485, 495 (N.D. Ill. 1989).

Fidelity asserts Nielsen's report does not contain improper legal conclusions but rather offers opinions about the customs and standards of the title industry. Fidelity's contention is not supported by the substance of Nielsen's report. The report defines the terms escrowee and fiduciary and concludes that an escrowee has a fiduciary duty to principals. Stewart Def. Motion, Ex. A, at p. 5. In addition, the report: (1) provides legal requirements for depositing and delivering escrow money; and (2) discusses the liability of title agencies and underwriters. *Id.* at pp. 5, 7-8. This information is outside the scope of title industry customs and standards. Nielsen offered opinions on the state of the law relating to the title industry. Moreover, Nielsen asserts that Capriotti, Hargrove, and Stewart Title violated Illinois and Texas law and that Stewart Title "unjustly enriched itself and knowingly increased the risk to policyholders." *Id.* at pp. 12-13, 15-16. These statements are inadmissible legal conclusions.

## C. Conclusory assertions

Stewart defendants assert Nielsen's report violates Rule 26(a) because it fails to provide support for many of its stated conclusions. Specifically, Stewart defendants contend there is no support for the following assertions: (1) Stewart Title knew about escrow account shortages and other pertinent information; (2) Stewart Title conducted numerous audits between 1987 and 1995; (3) notification about escrow shortages would have prevented DFI from licensing INTIC; and (4) real estate sellers and buyers would not have suffered damages had Stewart Title acted within the law. Stewart defendants further contend Nielsen's report provides no basis for his conclusions regarding the title industry's customs and practices.

Fidelity responds that Nielsen's report is heavily detailed and is accompanied by 22 pages listing supporting documents and depositions. However, Fidelity fails to respond to Stewart defendants' contention that specific assertions lack a supporting basis. The fact that Nielsen's report appends supporting data does not justify the absence of supporting explanations or rationale for particular opinions. Rule 26(a) requires that the expert report contain the basis and reasons for *each* opinion. *Salgado,* 150 F.3d at 742, n.6 ("Expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions"). Nielsen's index of the materials he reviewed is not keyed to his various conclusions and, thus, provides insufficient support. *See id.* at 738.

## CONCLUSION

Nielsen's report is stricken for unjustifiable failure to comply with Rule 26(a)'s disclosure requirements, and Nielsen is barred from testifying at trial or by affidavit.[2]

ENTER:

*[signature]*
Suzanne B. Conlon
United States District Judge

July 9, 2001

---

[2]Stewart defendants' persuasive arguments regarding Nielsen's lack of qualifications as a "customs and practice" expert and Nielsen's conclusions about defendants' purported knowledge and intent provide additional grounds for striking his report and barring his testimony. Moreover, the court notes that several of Nielsen's opinions are little more than conventional wisdom. *See e.g.,* Motion, Ex. A at p.16 [when escrow account checks are returned for insufficient funds, " the results are catastrophic"].