Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5658 | **DATE** | 7/1/2002 |
| **CASE TITLE** | FIDELITY vs. INTERCOUNTY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff and defendant Susan Peloza's objections [515-1, 516-1] to the magistrate judge's report and recommendation of February 6, 2002 are overruled. Plaintiff's motion to compel and for sanctions [370-1] is granted. Plaintiff is awarded reasonable attorneys' fees and costs incurred in connection with its motion to compel and for sanctions. The parties shall proceed in accordance with Local Rule 54.3. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 02 2002 | 514 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | | 7/1/2002 | |
| ✓ | Copy to judge/magistrate judge. | 02 JUL -1 PM 4:40 | date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | pw mailing deputy initials | |

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, | )<br>)<br>) No. 00 C 5658 |
| Plaintiff, | )<br>) Suzanne B. Conlon, Judge |
| v. | ) |
| INTERCOUNTY NATIONAL TITLE INSURANCE COMPANY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Fidelity National Title Insurance Co. ("Fidelity") moved to compel defendant Susan Peloza to produce documents and for sanctions. The court referred the motions to a magistrate judge pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 72.1. The magistrate judge granted Fidelity's motion, and awarded attorneys' fees and expenses incurred in bringing the motion. *See Fidelity v. Intercounty*, 2002 WL 193385 (N.D. Ill. Feb. 8, 2002). Fidelity and Peloza object under Fed. R. Civ. P. 72.

### BACKGROUND

The magistrate judge's memorandum opinion includes detailed factual findings relevant to the sanctions motion established during several days of evidentiary hearings. *See Fidelity*, 2002 WL 193385, at *1-4. The sanctions dispute revolves around Peloza's non-production of documents she found at a warehouse in South Holland, Illinois. On August 10, 2001, Fidelity moved to compel production of documents in Peloza's possession that purportedly demonstrated a co-defendant's

1

knowledge of an Intercounty escrow deficiency greater than $6 million. The magistrate judge ordered Peloza to produce the documents. Peloza reported she was unable to produce them. Peloza claimed she had destroyed copies of the documents she made in May 2001. The magistrate judge ordered Peloza to conduct a thorough search for the documents and to submit an affidavit describing her search. Peloza attested she was unable to locate the documents. Subsequently, the magistrate judge ordered Peloza to return to the warehouse and conduct a search for the original documents. Peloza's second affidavit attested she was unable to locate the documents at the warehouse.

The existence of these documents was revealed to Fidelity during settlement negotiations between Edwin Thomas, Fidelity's counsel, and Alexander Lourie and Charles Sklarsky, Peloza's counsel. Lourie approached Thomas to discuss the possibility of settlement. Proposed resolution of the dispute included Peloza's cooperation with Fidelity against co-defendants. Thomas provided Lourie with a list of eleven issues and requested Peloza's cooperation. Peloza then made three separate visits to the warehouse looking for documents responsive to Thomas' questions. In the spring of 2001, Peloza spoke with Alan Hurwick, another co-defendant's former accountant, who directed her to locations in the warehouse where relevant documents could be found. Over the course of three days, Peloza made copies of five or six documents using a fax machine located at the warehouse, and then she used a personal fax machine that she brought into the warehouse. Peloza showed the copied documents to her attoneys, Lourie and Sklarsky. Peloza, Sklarsky, and Lourie cannot recall the exact contents of the documents. At the evidentiary hearing, they were unable to recount specific information contained in the documents. Sklarsky recalled the documents indicated to him that a co-defendant "had knowledge of whatever the documents contained." Resp. Br., Ex. 1, at p. 65. Lourie testified the documents were from a time-period between 1980 and 1995, and

2

demonstrated two co-defendants "knew there was a problem in" the account "to the tune of $12 to $13 million." *Id.*, Ex. 1, at p. 52-53. The settlement discussions did not prove fruitful, the documents were never shown to Thomas, and Peloza disposed of her copies. In August 2001, Fidelity deposed Lourie and asked questions about the settlement negotiations. Fidelity then demanded that Peloza produce the documents she found in May 2001. Peloza's non-production of those documents led Fidelity to bring the motion to compel and for sanctions in issue.[1]

## DISCUSSION

### I. Standard of Review

A magistrate judge's ruling on a non-dispositive matter may be reversed only on a finding that the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Routine discovery motions are non-dispositive under Rule 72(a). *See, e.g., Boboski v. Bd. of Educ. of Cary Consol. Sch. Dist. 26*, 141 F.R.D. 88 (N.D. Ill. 1992); *Johnson v. Old World Craftsmen, Ltd.*, 638 F.Supp. 289, 291 (N.D. Ill. 1986). In contrast, review of a magistrate judge's recommendation on a dispositive motion is *de novo*. 28 U.S.C. § 636(b)(1). For dispositive motions, the reviewing court is required to "make a *de novo* determination of those portions of the recommendations to which objection is made." *Id.*

Peloza urges this court to review the magistrate judge's order *de novo*. Fidelity seeks *de novo* review to resolve its objections seeking harsher sanctions. A magistrate judge's decision on a Rule

---

[1] This motion is part of an astounding flurry of motions for sanctions filed by both parties, alleging perjury, defamation, concealment of documents, harassment, intimidation, and criminal battery.

11 sanctions motion must be reviewed *de novo*. *Retired Chicago Police Assn. et al. v. City of Chicago et al.*, 76 F.3d 856, 869 (7th Cir. 1996); *Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994). The *de novo* standard applies to the magistrate judge's findings of fact and conclusions of law. *Rajaratnam v. Moyer*, 47 F.3d 922, 924 (7th Cir. 1995); *Zoch v. City of Chicago*, No. 94 C 4788, 1999 WL 92896, at *1 (N.D. Ill. Feb. 17, 1999). In *Retired Chicago Police Assn.*, the Seventh Circuit held a monetary sanctions award is akin to a damages award that has a dispositive effect on a party. *See also Alpern*, 38 F.3d at 935 ("The power to award sanctions, like the power to award damages, belongs in the hands of the district judge . . . the magistrate judge may not make a decision with independent effect"). The magistrate judge awarded attorneys' fees and costs. The Seventh Circuit reversed the district court's review of the magistrate judge's order under the clearly erroneous standard, and instructed the court to apply *de novo* review. *Retired Chicago Police Assn.*, 76 F.3d at 869.

Although the Seventh Circuit has not addressed the standard of review on a Rule 37 sanctions motion, *Retired Chicago Police Assn.*'s analysis is controlling. Similar to Rule 11, Rule 37 permits the award of sanctions with dispositive effects: monetary sanctions, the striking of claims and defenses, and default judgment. *See* Fed. R. Civ. P. 37(b)(2)(A)-(D). Further, *Retired Chicago Police Assn.* held a sanctions request on both pre-trial and post-trial matters was subject to *de novo* review. *See also Gorbitz v. Corvilla, Inc.*, 196 F.3d 879, 883 (7th Cir. 1999) ("a magistrate judge is without authority to award sanctions"). As a result, judges in this district conduct *de novo* review of magistrate judges' sanctions awards. *See e.g. Royal Maccabees Life Ins. Co. v. Malachinkis*, No. 96 C 6135, 2001 WL 290308, at *7 (N.D. Ill. Mar. 20, 2001) (Guzman, J.); *R & B Group, Inc. v. BCI Burke Co., Inc.*, No. 96 C 2620, 1999 WL 754632, at *3 (N.D. Ill. Sept. 9, 1999) (Pallmeyer, J.);

*Branch v. City of Elmhurst*, No. 96 C 3824, 1998 WL 102630, at *1 (N.D. Ill. Feb. 25, 1998) (Nordberg, J.). The magistrate judge considered and rejected a sanction of default judgment on Peloza's counterclaim and affirmative defenses – a sanction with clear dispositive effect. The magistrate judge awarded monetary sanctions pursuant to Rule 37. Accordingly, the court treats the magistrate judge's memorandum opinion and order as a report and recommendation. The magistrate judge's factual findings and conclusions of law are reviewed *de novo*. *See also Massey v. City of Ferndale*, 7 F.3d 506, 509-10 (6th Cir. 1993) (a magistrate judge's award of monetary sanctions is subject to *de novo* review).

The magistrate judge did not identify the evidentiary standard she applied in determining her factual findings. The preponderance of the evidence standard is generally the standard of proof employed for factual findings on a sanctions motion. *Quela v. Payco-General American Credits, Inc.*, No. 99 C 1904, 2000 WL 799750 (N.D. Ill. May 17, 2000); *Tomblin v. Motter*, No. 95 C 86, 1996 WL 99897, at *1 (N.D. Ill. Feb. 29, 1996); *see also American Nat'l Bank v. AXA Client Solutions*, NO. 00 C 6786, 2002 WL 1067696, at *4, n.4 (N.D. Ill. May 28, 2002). Hence, the court determines whether the record supports a finding of a Rule 26 discovery violation by a preponderance of the evidence.[2]

Finally, a *de novo* review does not require a new hearing. The court must give only "fresh consideration to those issues to which specific objections have been made." *Rajaratnam*, 47 F.3d at

---

[2] In reviewing Fidelity's sanctions motion against co-defendant Terry Cornell, this court applies a clear and convincing evidence standard. The heightened standard of proof is used because Fidelity's motion alleged criminal behavior. *See Shepard v. American Broadcasting, Inc.*, 62 F.3d 1459, 1477 (D.C. Cir. 1995).

925 n.8. The district court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b).

## II. Peloza's Objections

### A. Procedural Objections to the Magistrate Judge's Report and Recommendation

At the outset, Peloza argues Fidelity failed to comply with Local Rule 37.2's meet and confer requirement. Specifically, Peloza asserts Fidelity failed to engage in a good faith attempt to resolve the discovery dispute before moving to compel. Fidelity's motion to compel stated: "Counsel for Fidelity have repeatedly attempted to resolve this dispute and requested these documents be produced, including at the deposition of Mr. Lourie. However, despite these requests, this dispute has not been resolved and these documents have not been produced." Resp. Br., Ex. 4, at 5.

The court has broad discretion to determine how and when to enforce local rules. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994). Local Rule 37.2 provides that a motion to compel must include: "a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's." Fidelity's motion to compel included a statement that the parties were unable to reach an agreement on the production of documents. In August 2001, Fidelity requested Peloza to produce documents revealed at Lourie's deposition; Peloza failed to produce the documents. Indeed, Peloza concedes the documents Fidelity seeks are lost or destroyed. Peloza fails to explain the manner in which further discussions between the parties would have promoted Local Rule 37.2's purpose. Further, the magistrate judge attempted to resolve the dispute by allowing Peloza sufficient time to search for the documents. Accordingly, Local Rule 37.2 does not bar review of Fidelity's motion to compel and for sanctions.

Next, Peloza argues the magistrate judge did not have jurisidiction to hear the motion to compel because Fidelity's motion was based on a December 15, 2000 discovery request. On January 9, 2001, the magistrate judge ruled the December 15th interrogatories were premature, and Peloza was not required to respond. Fidelity failed to identify the specific discovery request in its motion to compel. Instead, Fidelity attached the December 15th interrogatories. The magistrate judge ordered Fidelity to identify the proper discovery request that was the subject of the motion. Fidelity supplemented its motion with a December 12, 2000 document request.

Regardless of the applicable discovery request, this court referred Fidelity's motion to compel and for sanctions to the magistrate judge under 28 U.S.C. § 636. District courts have express authority to refer dispositive and non-dispositive matters to magistrate judges. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Fidelity's motion to compel and for sanctions was the subject of the referral; identification of the proper discovery request is irrelevant for jurisdictional purposes.

Peloza argues the magistrate judge's sanctions award violates Fed. R. Evid. 408 because it is based on statements made during settlement discussions between Peloza and Fidelity. Peloza's objection is unpersuasive. Rule 408 applies to statements offered to prove "liability for or invalidity of the claim or its amount." The magistrate judge considered the Fidelity-Peloza settlement discussions to determine whether Peloza violated Fed. R. Civ. P. 26. Rule 408 does not automatically bar relevant evidence merely because it was discussed in settlement negotiations. *See Alexander v. City of Evansville*, 120 F.3d 723, 728 (7th Cir. 1997) (Rule 408 does not bar admission of evidence to prove bias, prejudice of the witness, and obstruction of an investigation); *Levenstein v. Salafsky*, No. 97 C 3430, 2002 WL 849594, at *1 (N.D. Ill. May 2, 2002) (settlement discussions are inadmissible to prove liability).

7

**B.      Substantive Objections to the Magistrate Judge's Report and Recommendation**

Peloza objects to the magistrate judge's finding that the missing documents were responsive to Fidelity's document request. Peloza provides no support for her objection. Indeed, Peloza fails to discuss Sklarsky and Lourie's description of the documents. Sklarsky and Lourie's recollection is sufficient to determine the missing documents contained information about transactions between co-defendants. The December 12th discovery request sought documents regarding the co-defendants' business relationship. Lourie testified the documents contained information about escrow deficiencies during one co-defendant's tenure as underwriter for another co-defendant. Under Rule 26, relevant information is broadly defined to include documents "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The record establishes by a preponderance of the evidence that the missing documents were responsive to Fidelity's December 12th document request.

Peloza objects to the magistrate judge's determination that she violated the court's protocol governing access to the warehouse. Peloza argues the parties' agreed protective orders did not prevent her from copying documents at the warehouse by using her own copy machine, or machines located at the warehouse. Peloza's argument lacks merit. The February 5th agreed protective order established that if a party selected documents for copying, a log of each document was required before the document left the warehouse; only copy service personnel were allowed to handle documents; and parties could not bring "briefcases or other containers into the warehouse." Resp. Br., Ex. 3F. Peloza's on-site copying of documents using her own copy machine without producing a log expressly violated the February 5th protective order. Moreover, Peloza admitted she made copies without informing Fidelity to avoid disclosure. *Id.*, Ex. 2, at p. 59.

8

Peloza asserts the magistrate judge incorrectly determined she had custody, possession, and control of the warehouse documents. Rule 34 requires a party to produce documents "in the possession, custody or control of the party upon whom the request is served[.]" *See* Fed. R. Civ. P. 34. Peloza argues she did not have control of the warehouse due to this court's order regulating access to the warehouse. On November 7, 2000, this court entered a protective order barring removal, alteration, or destruction of documents from the warehouse. Resp. Br., Ex. 3D. Fidelity was granted leave to issue immediate discovery to defendants to produce all records and documents in the warehouse. On February 5, 2001, the magistrate judge ordered a log must be maintained if a party copied a warehouse document; only copy service personnel were permitted to handle documents. *Id.*, at Ex. 3F. The protective orders did not affect Peloza's possession, custody, or control of the warehouse. Indeed, in response to Fidelity's December 12th document request, Peloza referred Fidelity to the warehouse for responsive documents. Peloza entered the warehouse three times in May 2001 to search for useful documents for the Fidelity-Peloza settlement discussions. And Peloza paid warehouse rent from September 2000 to February 2001. Resp. Br., Ex. 2, at p. 60. Finally, Peloza had actual possession of the disputed documents in May 2001. Accordingly, the record supports a finding by a preponderance of the evidence that Peloza had control of the warehouse and the missing documents. Peloza's objection is frivolous.

In addition, Peloza asserts she properly responded to Fidelity's discovery request because she referred Fidelity to the warehouse for responsive documents. In the December 12th document request, Fidelity sought all documents relating to the business relationship between two co-defendants including their agreement and termination of their business relationship. Resp. Br., Ex. 3B, at ¶ 2. Peloza responded:

> Defendants object to this Request on the grounds that there was never any relationship between [co-defendants]. Defendants further state that documents

9

responding to this Request may be contained in the Warehouse and Plaintiff is referred thereto.

Resp. Br., Ex. 3C, at ¶ 2. The magistrate judge determined Peloza's summary referral to the warehouse did not satisfy her discovery obligations. Peloza admitted the warehouse was "chaotic"; documents were cluttered in unorganized stacks. Resp. Br., Ex. 2, at p. 18, 56; *see also* Fed. R. Civ. P. 34 (documents must be produced as they are kept in the ordinary course of business); *Rothman v. Emory Univ.*, 123 F.3d 446, 455 (7th Cir. 1997) (affirming sanctions where plaintiff turned over three large banker boxes containing unrelated and unorganized information); *Govas v. Chalmers*, 965 F.2d 298 (7th Cir. 1992) (evasive and dilatory tactics warrant Rule 37 sanctions). In May 2001, Peloza discovered documents she believed would interest Fidelity. Peloza failed to supplement her earlier incomplete discovery response that responsive documents "may" be contained in the warehouse. *See* Fed. R. Civ. P. 26(e)(2); *Melendez v. Illinois Bell Telephone Co.*, 79 F.3d 661, 671, n.12 (7th Cir. 1996) (affirming sanctions where party failed to supplement document request responses). Peloza concedes she copied documents instead of removing them under the agreed protective order to avoid disclosure to Fidelity. Resp. Br., Ex. B, at p. 59. Thus, even if Peloza's referral to the warehouse was sufficient under Rule 34(a), Peloza was required to supplement her incomplete December 12th response under Rule 26(e)(2). Peloza concedes she did not. Accordingly, Peloza's objection fails.[3]

Peloza advances several arguments that are immaterial to the court's determination she violated Rule 26(e)(2). Peloza argues her response to the December 12th document request was not

---

[3] Peloza also objects to the court's denial of its omnibus emergency motion accusing Fidelity of criminal battery, witness tampering, and discovery violations. Denial of that motion is irrelevant to this court's review of the magistrate judge's report and recommendation on Fidelity's sanctions motion against Peloza.

evasive because she did not have knowledge of the documents in issue until May 2001. Similarly, Peloza argues the copies made in May 2001 were in response to Fidelity's settlement offer, not its discovery requests. Peloza's response to the December 12th discovery request became incomplete and misleading when in May 2001 she found responsive documents. Peloza's motive for finding those documents is irrelevant.

In sum, Fidelity has established by a preponderance of the evidence that Peloza had control of the warehouse, she had responsive documents in her possession in May 2001, and she failed to disclose those documents to Fidelity. Peloza disposed of the copies she made of the documents. And Peloza is presently unable to locate the missing documents at the warehouse. Rule 26 is designed to require full disclosure of relevant information and to encourage fair play. "Mutual knowledge if all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Litigants must be acutely aware of their discovery obligations; Rule 26(e)'s provisions are not optional. A litigant with knowledge and possession of undisclosed documents has an affirmative obligation to review prior discovery responses, determine the documents' responsiveness, and seasonably produce those documents if responsive. A litigant's discovery obligation is not negated because the opposing party seeks assistance in locating relevant documents as a condition of settlement. Indeed, "the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues[.]" *See* Fed. R. Civ. P. 26, Adv. Committee Notes (1983). Rule 26 is premised on the notion that timely disclosure of relevant information, even harmful evidence, promotes a speedy and just resolution of the dispute. The preponderance of the evidence supports the magistrate judge's conclusion that Peloza failed to timely supplement her incomplete discovery response in May 2001

when she found responsive documents. The record establishes by a preponderance of the evidence that the documents were responsive to Fidelity's discovery request. As a result, Peloza violated Rule 26(e)(2). Her objections fail to establish her non-disclosure was substantially justified. *See* Fed. R. Civ. P. 37(c). Accordingly, Peloza's objections to the magistrate judge's report and recommendation are overruled.

### III. Fidelity's Objections

The magistrate judge awarded Fidelity reasonable fees and expenses incurred in bringing the motion to compel and for sanctions. Fidelity objects and seeks harsher sanctions: an entry of judgment on Peloza's counterclaim and affirmative defenses, or findings of fact on the content of the missing documents.

"District courts possess wide latitude in fashioning appropriate sanctions[.]" *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1998); *Salgado v. General Motors Corp.*, 150 F.3d 735, 739 n. 5 (7th Cir. 1998). The court's selection of a sanction "must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Salgado*, 150 F.3d at 740. Default judgment may be awarded in extreme circumstances only. *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001). An "award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery." *Crown Life Insurance Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

Fidelity waited over three months before moving to compel production of the documents in issue. In May 2001, Lourie provided Thomas a hypothetical description of the documents. Resp. Br., Ex. 1 at 26, 36. Fidelity did not move to compel production of documents after the settlement negotiations failed, or propound a supplemental discovery request seeking more specific information

about the documents. There is no evidence Peloza is responsible for the destruction or misplacement of the original documents at the warehouse. Thus, extreme circumstances warranting default judgment are absent. Further, a sanction involving findings of fact on the contents of the documents is inappropriate. Peloza, Sklarsky, and Lourie possess only vague recollections of the documents' contents. They are unable to provide specific information or describe the contents of the documents. Lourie testified to his personal *conclusion* after reading the documents – that a co-defendant was aware of an escrow deficiency of $12 to $13 million. Lourie's conclusions and impressions are not admissible or probative. Nor can the authenticity of the missing documents be presently ascertained.

Fidelity had access to the warehouse from December 2000 to May 2001. Fidelity did not object to Peloza's referral to the warehouse for responsive documents. Indeed, Fidelity accessed the warehouse on several occasions searching for useful information. The importance of these documents to the underlying merits of the parties' claims and affirmative defenses cannot be reliably determined. Thus, limiting an award of sanctions to attorneys' fees and costs is appropriate. Fidelity's objection to the magistrate judge's report and recommendation is overruled. The magistrate judge's award of attorneys' fees and costs was soundly based in law and fact.

## CONCLUSION

Fidelity and Peloza's objections to the magistrate judge's report and recommendation of February 6, 2002 are overruled. The magistrate judge's report and recommendation are adopted.

Fidelity is awarded reasonable attorneys' fees and costs incurred in connection with its motion to compel and for sanctions under Fed. R. Civ. P. 37. The parties shall proceed in accordance with Local Rule 54.3.

July 1, 2002

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge