UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

FEB 2 7 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE )<br>COMPANY OF NEW YORK, a New York )<br>corporation, )<br> )<br>        Plaintiff, )<br> )<br>        v. )<br> )<br>INTERCOUNTY NATIONAL TITLE )<br>INSURANCE COMPANY, an Illinois )<br>corporation, et al., )<br> )<br>        Defendants. )| Case Nos. 00 C 5658<br>     00 C 7076 7086 ✓<br><br>The Honorable Suzanne B. Conlon<br><br>**DOCKETED**<br>Magistrate Geraldine Brown<br>FEB 2 8 2003 |

## PLAINTIFF'S RULE 56(d) MOTION TO SPECIFY FOR TRIAL
## MATERIAL FACTS THAT APPEAR WITHOUT SUBSTANTIAL CONTROVERSY

Plaintiff, FIDELITY NATIONAL TITLE COMPANY OF NEW YORK ("Fidelity"),

respectfully moves the Court for an order pursuant to Rule 56(d) of the Federal Rules of Civil

Procedure specifying that certain material facts exist without substantial controversy and are

deemed established for purposes of trial. In support of its motion, Fidelity states as follows:

1.      On November 11, 2001 and July 3, 2002, this Court ruled on motions for

summary judgment by the Stewart and INTIC Defendants on all claims then pending against

them. The Court's rulings did not resolve the case in its entirety and trial on all remaining issues

is set for March 31, 2003.

2.      As a result of the aforesaid motions for summary judgment, certain material facts

as set forth in Exhibit A ("The Uncontested Facts Exhibit") were not disputed by the parties or

were determined by the Court to be beyond dispute.

613

3.    An order that the uncontested facts set forth in Exhibit A exist without substantial controversy within the meaning of Rule 56(d) and are therefore deemed established for purposes of the trial of this case will narrow the issues to be tried with consequent savings of time to the Court, the jury and all parties to this action. *Petit v. City of Chicago*, No. 90 C 4984, 2002 WL 10481, at *7 (N.D. Ill. Jan. 3, 2002)[1] ("Where a motion for summary judgment has been ruled upon without resolving the case in its entirety, the court may, if practicable, determine that certain facts are uncontested for trial."); *United States of America v. Wil-Freds Construction Inc.*, No. 96 C 793, 1997 WL 391456, at *5 (N.D. Ill. July 7, 1997) ("The purpose of this procedure is twofold:  to salvage some of the judicial effort involved in the denial of a motion for summary judgment and to streamline the litigation process by narrowing the triable issues."); *United States of America v. General Motors Corp.*, 518 F.2d 420, 447 (D.C. Cir. 1975) (stating that the trial judge should be able to narrow the scope of question for trial through "the use of the court's Rule 56(d) powers to specify 'the facts that appear without substantial controversy' as a result of the motion for summary judgment").

WHEREFORE, Fidelity respectfully requests this Court to enter an order specifying that the facts set forth in Exhibit A attached ("The Uncontested Facts Exhibit") are without substantial

---

[1] All unpublished cases are attached as Exhibit B.

controversy within the meaning of Rule 56(d) of the Federal Rules of Civil Procedure and

thus are established for purposes of the trial of the within action.

FIDELITY NATIONAL TITLE INSURANCE
COMPANY OF NEW YORK

By: _____
One of Its Attorneys

| | |
|---|---|
| Edwin C. Thomas | Terry N. Christensen |
| Albert E. Fowerbaugh, Jr. | James S. Schreier |
| Ronald M. Lepinskas | Eric P. Early |
| LORD, BISSELL & BROOK | CHRISTENSEN, MILLER, FINK, JACOBS |
| 115 South LaSalle Street | GLASER, WEIL AND SHAPIRO, LLP |
| Chicago, Illinois 60603 | 2121 Avenue of the Stars, 18th Floor |
| (312) 443-0700 | Los Angeles, California 90067 |
| | (310) 553-3000 |

## CERTIFICATE OF SERVICE

The undersigned on oath states that he caused the foregoing to be served via messenger to

all counsel of record listed on the attached Service List on the 27th day of February, 2003.

Edwin C. Thomas, III

# SEE CASE FILE FOR EXHIBITS