Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5658 | **DATE** | 4/8/2004 |
| **CASE TITLE** | Fidelity National Title vs. Intercounty National | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the plaintiff's motion in limine to bar defendants from calling Edwin Thomas, III as a trial witness is denied. The plaintiff's motion in limine to bar evidence regarding the settlement between plaintiff and the INTIC defendants is granted. Plaintiff's motion in limine to bar reference to plaintiff's due diligence is denied. Defendants' motion in limine to bar untimely Deloitte & Touche exhibits is granted. Defendants' motion in limine to bar the testimony of William Pollard is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 09 2004 | |
| | Notified counsel by telephone. | | date docketed | 703 |
| ✓ | Docketing to mail notices. Memorandum Opinion was picked up by the parties. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MW6 | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
APR 0 9 2004

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, a New York corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 00 C 5658 |
| INTERCOUNTY NATIONAL TITLE INSURANCE COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Fidelity National Title Insurance Company of New York's ("Fidelity") motions *in limine* to bar Defendants from calling Edwin C. Thomas, III as a trial witness, to bar evidence regarding the settlement between Fidelity and INTIC Defendants, and to bar reference to Fidelity's due diligence. This matter is also before the court on Defendants' motions *in limine* to bar untimely Deloitte & Touche exhibits, to bar the testimony of William Pollard, and to amend trial time allocation to reflect defaulted and settling parties.

1

## I. Edwin C. Thomas, III

Fidelity seeks to bar Defendants from calling Edwin C. Thomas, III ("Thomas") as a trial witness. Thomas is one of the attorneys that will be representing Fidelity at trial. However, Defendants have provided sufficient reasons to call Thomas and we are not convinced that Defendants have alternative sources of evidence to replace Thomas' testimony. We have considered the circumstances in this case and see no reason why Thomas should not be able to testify and act as counsel for Fidelity. We also note that this objection should have been brought sooner and this objection is untimely. Therefore, we deny the motion to bar Defendants from calling Thomas as a trial witness. Should a particular issue arise concerning Thomas' testimony at trial Fidelity is free to raise an objection at that juncture.

## II. Settlement between Fidelity and INTIC Defendants

Fidelity also seeks to bar evidence regarding the settlement between Fidelity and INTIC Defendants. Settlements should be encouraged because they reduce the burden on judicial resources and lessen legal fees. Defendants have not provided sufficient reason to justify the introduction of the settlement and therefore, we grant the motion to bar evidence regarding the settlement between Fidelity and INTIC

Defendants. Defendants are free to move for the introduction of the settlement at trial outside the presence of the jury if they feel that the introduction of the evidence is of particular importance at a specific juncture and they can specify the purpose that the evidence will be introduced.

III. Due Diligence

Fidelity seeks to bar any evidence regarding its due diligence. We cannot agree that Fidelity's due diligence is of no relevance or that reference to the issue would be overly prejudicial to Fidelity. Therefore, the motion is denied. Fidelity is free to object to any evidence introduced by Defendants if it is irrelevant or immaterial evidence.

IV. Deloitte & Touche Exhibits

Defendants seek to bar the introduction of exhibits prepared by Deloitte and Touche. Fidelity intends to introduce nine binders containing various exhibits grouped together. Each group of exhibits is preceded by a summary of the exhibits in the group. Although the federal rules of evidence provide for the usage of summaries, a court should be wary lest a party use a summary as an opportunity to argue its view of the evidence or to misstate the evidence causing the jury to

misconstrue the evidence. We do not find that the usage of summaries are warranted in this instance. We also note that the summaries were submitted shortly before trial and are untimely. Defendants cannot be expected in all fairness to be able to review the thousands of documents referenced in the summaries and verify the accuracy of the summaries. Therefore, the motion to bar the summaries is granted.

V. Testimony of William Pollard

Defendants seek to bar the testimony of William Pollard ("Pollard"). There is sufficient evidence that Pollard and his subordinates were conducting an investigation into matters concerning pending litigation while there were potential criminal proceedings on the forefront and Pollard admits to destroying some documents that were his work product. Some of the work product concerns notes from interviews of individuals that were subsequently indicted and took the Fifth Amendment. Pollard claims that he merely destroyed documents that he deemed irrelevant, and during oral argument Fidelity argued that Pollard merely destroyed documents that did not support his work. However, neither explanation is sufficient to justify the intentional destruction of work documents in this context. Fidelity points out that it has produced a large amount of documents from Pollard's work. However, that is of little consolation to Defendants if any portion of the materials

4

that were destroyed were damaging to Fidelity's case. Even one document can sometimes be of such importance that it may decide the outcome of a case. Defendants argue that they are also prejudiced because they are deprived of potential evidence with which to cross examine Pollard and to impeach him. We agree and in all fairness we cannot allow Pollard to testify. Therefore, we grant the motion to bar Pollard from testifying at trial. In open court, Defendants clarified their motion and indicated that they were seeking only to bar Pollard from testifying and if the court did not grant their motion then, in the alternative, they were seeking a jury instruction advising the jury to draw an adverse inference from Pollard's destruction of documents. Since the court granted Defendants' motion to bar Pollard from testifying, Defendants' alternative motion is denied as moot.

VI. Allocation of Trial Time

Defendants have jointly moved to re-allocate trial time in light of the fact that some of the defendants have defaulted and some have settled the claims against them. We shall mirror the formula previously established by Judge Conlon for the allocation of trial time and the allotment will be as follows: 40% for Fidelity, 35% for the Defendant Stewart parties, and 25% for Defendant Jack Hargrove ("Hargrove"). As stated before, since some of the defendants have dropped out of

5

the case and there are fewer claims to address at trial we reduced the trial time to 10 days. We shall conduct trial for 5 and ½ hours per day for 10 days. The total hours for the trial will thus be 55 hours. Fidelity will get 22 hours, the Stewart parties will get 19 hours, and Hargrove will get 14 hours. We are aware of the fact that the Seventh Circuit discourages the overuse of such stringent limitations on a duration of a trial. However, in this instance the parties' conduct has made it necessary. The parties' contentious attitude in every facet of this case has made it necessary to impose these requirements to enable the court to manage its docket and to allow the trial to proceed in an efficient and orderly manner.

## CONCLUSION

Based on the foregoing analysis, we deny Fidelity's motion *in limine* to bar Defendants from calling Edwin C. Thomas, III as a trial witness. We grant Fidelity's motion *in limine* to bar evidence regarding the settlement between Fidelity and INTIC Defendants. We deny Fidelity's motion *in limine* to bar reference to Fidelity's due diligence. We grant Defendants' motion *in limine* to bar untimely

Deloitte & Touche exhibits. We grant Defendants' motion *in limine* to bar the testimony of William Pollard. We allocate the trial time to the parties as stated above.

                                                    Samuel Der-Yeghiayan
                                                    United States District Court Judge

Dated: April 8, 2004