# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 5658 | DATE | 4/09/2004 |
| CASE TITLE | Fidelity National Title vs. Intercounty National Title | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reason stated on the attached memorandum opinion, the plaintiff's motion for reconsideration of the Court's ruling of 04/08/04 barring expert testimony of William J. Pollard, or in the alternative, for a one-week continuance of the trial is denied. The trial will proceed as scheduled. Enter Memorandum Opinion.

(11) ■ For further detail see Memorandum Opinion attached to the original minute order.

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | | |
| ✓ | Notified counsel by telephone on 04/09/04 at 10:30 a.m.. | APR 12 2004 date docketed | 700 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| MW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

| | | |
|---|---|---|
| FIDELITY NATIONAL TITLE<br>INSURANCE COMPANY OF<br>NEW YORK, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERCOUNTY NATIONAL TITLE<br>INSURANCE COMPANY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 00 C 5658 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Fidelity National Title Insurance Company of New York's ("Fidelity") emergency motion for reconsideration of the Court's ruling of April 8, 2004 barring expert testimony of William J. Pollard, or in the alternative, for a one-week continuance. First of all the arguments presented by Fidelity on the eve of the trial are improper. The parties have been before the court several times in the past months and appeared before the court for a pre-trial conference. The majority of Fidelity's arguments that they now present were never brought to the court's attention in their answer to the motion to bar or during oral

1

arguments before the court. Surely, Fidelity should have been aware that it should have made all arguments in their answer to the motion to bar or during oral arguments. No mention was made of these arguments until we ruled against Fidelity. Fidelity should not have improperly made the assumption that we would rule in their favor. Now Fidelity seeks to improperly use a motion for reconsideration to present a new set of arguments in support of its position.

Fidelity claims that this court committed a manifest error in barring the testimony of William Pollard ("Pollard"). Fidelity argues that the punishment against it for Pollard's admitted transgressions is overly severe and Fidelity contends that a monetary sanction would have been more appropriate. However, Fidelity itself admits that Pollard's testimony and findings are of such importance to this case that if he cannot testify Fidelity will need additional time to "review, reorganize and restructure this massive case. . . . " Thus, it is not idle speculation that Pollard's admitted transgressions could have a huge impact on the outcome of this case. As we indicated in our prior opinion dated April 8, 2004, a minor monetary sanction against Fidelity will be of little consolation to Defendants if Pollard's destruction of evidence prevents Defendants from presenting a proper defense and they end up with a multi-million dollar judgment against them. We disagree with Fidelity's assertion that barring the testimony of Pollard is an overly severe sanction. Fidelity admits

that Pollard was retained by Fidelity to "reconstruct Intercounty's computer records and escrow records, and determine how the multi-million dollar escrow shortage happened." As we indicated in our prior opinion, Pollard conducted his investigation while civil litigation and criminal proceedings were on the forefront. After individuals were interviewed by Pollard they were indicted and took the Fifth Amendment. The idea that Pollard can admit that he selectively discarded materials while he conducted his research, thus depriving his adversaries of potential evidence in their favor, and now claim that a monetary "slap on the wrist" would be fair is not only ludicrous but it would be a mockery of justice for this court to allow such a result. To the extent that any of the prior judges in this case made rulings concerning Pollard, this court finds that those rulings related to other issues and they are not relevant to issue at bar. The court agrees with Fidelity's assertion that motions for reconsideration should be granted in order to "to correct manifest errors of law or fact or to present newly discovered evidence." In this case, however, Fidelity has not presented newly discovered evidence nor has Fidelity identified any manifest errors of law or fact. It is Fidelity that ignores the law that required Pollard to have the work documents available under the rules of discovery for Defendants. It is Fidelity's witness Pollard that has destroyed documents. Pollard was not empowered to determine which of his documents would be made available in this

case. Fidelity inexplicably stated in its oral argument before the court that Pollard simply destroyed the documents that did not support his theory. However, such an explanation only serves to support this court's decision to bar Pollard's testimony. This court spent considerable time considering all other possible sanctions other than barring Pollard's testimony. However, considering all of the circumstances specifically applying to Pollard, the only just decision was to bar his testimony. We cannot turn the clock back and recover the documents destroyed by Pollard or determine what information those documents contained. The court's decision to bar Fidelity's witness' testimony was due to Fidelity's own witness' misconduct and Fidelity cannot now claim any unfairness.

Fidelity argues that *"[t]hrough no fault of its own*, Fidelity has effectively been ordered to review, reorganize and restructure this massive case. . . ." (emphasis added). This is apparently an attempt by Fidelity to distance itself from the obvious transgressions by its key expert witness. However, Fidelity hired Pollard and he was acting on their behalf. There is nothing unfair about holding Fidelity accountable for its own witness' conduct. It would be unfair if Defendants were forced to proceed in this case with Pollard as a witness, and for the court to allow such a witness to testify would be to reward and encourage parties to selectively destroy documents, knowing that they will still be able to proceed at trial.

Fidelity also attempts to create a new facts to take a second run at the motion to bar the testimony of Pollard. In its motion for reconsideration Fidelity states that Pollard merely "inadvertently discarded a relatively small volume of his own work production in a manner consistent with his usual practice." First of all, it will take a lot more than just adding limiting adjectives and phrasing Pollard's conduct in a nicer way to convince this court to alter its ruling. Secondly, the assertion that Pollard's conduct was "inadvertent" is directly contrary to the admissions made in Fidelity's brief in opposition to the motion to bar Pollard's testimony and also is directly contrary to the admissions made during oral arguments before the court. Thirdly, the assertion that Pollard was discarding material in a manner consistent with Deloitte and Touche's regular business practice, which Fidelity also claimed in its original opposition to the motion to bar, is not a convincing explanation for Pollard's conduct. Clearly, Pollard's conduct, based upon the circumstances, was improper. The explanation that it was part of the regular business practice to from time to time to destroy documents is a disingenuous argument. The issue is not whether a business routinely discards documents from time to time in the regular course of business that are no longer needed. The problem with this case is that a key player, such as Pollard, selectively destroyed documents which could have been prejudicial to Fidelity's case. To say that such conduct by Pollard was part of the

5

regular business practice raises serious questions as to how the businesses involved conduct their affairs.

Fidelity also claims that two of Defendants' witnesses destroyed documents, but the prior judges in this case allowed them to testify. First of all, a party cannot present evidence in a motion for reconsideration that should and could have been presented to the court before. *See Massey v. Helman*, 259 F.3d 641, 648 n.9 (7th Cir. 2001)(stating that a "party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier.")(quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). Clearly Fidelity was aware of these allegations concerning these witnesses and the prior judge's rulings and Fidelity could have presented these arguments to the court but chose not to do so. Therefore, we can properly deny the motion on that basis alone.

Secondly, neither of the witnesses mentioned by Fidelity were of the importance in this case as Pollard and the alleged destruction of documents by those witnesses involve a unique set of circumstances. Even though Fidelity has brought up these arguments for the first time in its motion for reconsideration, we thoroughly reviewed the allegations concerning those witnesses. We do not disagree with the prior judge's rulings. In regards to Ms. Peloza mentioned by Fidelity, she was not a key expert for Defendants in this case. In regards to Fidelity's complaints about Mr.

Meztdorff we reviewed the record in this case and there is no indication that Fidelity ever sought to bar him from testifying at trial, and even it they had, his situation is not comparable to that of Pollard. Pollard's transgressions involve a separate set of circumstances and his transgressions are clearly more severe, and thus the court's discretionary ruling concerning Pollard was appropriate.

Fidelity also argues that "exclusion of expert testimony causing prejudice constitutes reversible error." Such an assertion is incorrect, particularly in an instance such as where the prejudice is justifiable because exclusion is the result of Plaintiff's own misconduct and the exclusion is a just result. In support of their assertion, Fidelity cites to only one case that is controlling precedent. Fidelity cites *American Nat'l Bank and Trust Co. of Chicago v. K-Mart Corp*, 717 F.2d 394, 400 (7th Cir. 1983). However, in that case the appellate court noted that the district court excluded expert testimony because it was "too speculative to aid the jury in assessing damages. . . ." *Id.* Barring an expert because his testimony is too speculative is an entirely different matter than barring an expert because he intentionally destroyed materials that could have potentially harmed his position. Also in *American Nat'l Bank and Trust Co. of Chicago* the appellate court concluded that the district court should have allowed the jury to take into consideration the speculative nature of his testimony and give it the proper weight.

7

*Id.* at 400. No such solution would suffice in the case before us and it would be the jury who is left to speculate based upon unknown documents that were destroyed by Pollard. Again, the blame for the inability of Fidelity to utilize a key witness can be laid solely at the feet of Fidelity and its witness. Thus, *American Nat'l Bank and Trust Co. of Chicago* is distinguishable from the instant case.

Fidelity also makes reference to cases involving the violation of discovery disclosure requirements. These cases are not applicable in this case. We are not dealing with a disclosure violation or a minor technical violation. In this case we have selective destruction of evidence, amounting to the tampering with evidence, which challenges the integrity of the judicial process. The only controlling precedent cited by Fidelity in this portion of its motion is *Sherrod v. Lingle*, 223 F.3d 605, 612 (7th Cir. 2000). However, in that case the court excluded the experts because they failed to disclose their reports in a timely fashion. The destruction of evidence is a far cry from failing to meet disclosure deadlines.

Fidelity, argues that "the exclusion of Mr. Pollard's testimony will cause significant prejudice to Fidelity." This point only emphasizes Pollard's importance in this case, and in turn, the importance of all of his work documents. The mere fact that Fidelity will be prejudiced is no reason why we should allow Pollard to testify. There is no question that whenever an expert is barred, there is prejudice to the party

offering such expert. However, when as in this instance, the court's decision is based upon fundamentals of fairness and judicial integrity, the resulting prejudice to the culpable party is justifiable and is not contrary to the law.

Fidelity also states that if we do not allow Pollard to testify we should extend the trial date in order to give them an opportunity to restructure their case. This case has been pending since 2000. On October 2, 2003, we granted the joint motion of the parties and set this case for trial to start on April 12, 2004. Fidelity has been aware of the impending trial date for over six months. In filing the pre-trial order, Fidelity was aware that motions *in limine* would be forthcoming. Fidelity was also aware that the motion to bar Pollard's testimony was filed on March 15, 2004. The parties also filed a joint motion on March 22, 2004 that indicated that the motion to bar Pollard's testimony was pending. This court had never previously denied a motion to bar Pollard's testimony for the same reasons presented before us. Therefore, Fidelity cannot now say that they were taken by surprise when we ruled to bar Pollard's testimony. Fidelity should have been prepared to present its case without Pollard's testimony since they were aware at least two years ago that Pollard destroyed documents and should have anticipated the possibility of a motion *in limine* in that regard. Fidelity's argument that they relied on other rulings denying motions to bar Pollard's testimony on other issues is unpersuasive. As stated above,

the other rulings related to other motions and other issues. The barring of Pollard's testimony would have left Fidelity unprepared for trial only if Fidelity inexcusably assumed that the court would deny the motion to bar. This is yet another example of Fidelity complaining about prejudice resulting solely from its own shortcomings.

Once again, this case has been pending since 2000 and the date for the trial was set on October 2, 2003 at the request of the parties. The parties submitted the pretrial order in which both parties were aware of the motions *in limine*. Subsequent to the pretrial order, the parties submitted their motions *in limine* and their responses. In addition, both parties had the opportunity at the pretrial conference to argue the motions *in limine*. Both parties were aware that the Court may grant or deny their motions *in limine*. The Court granted defendants' motion *in limine* barring testimony of William J. Pollard because he destroyed documents, as analyzed in the Court's April 8, 2004 ruling. The Court's ruling is as a result of Fidelity's own actions in this case and Fidelity can not now expect further delays in the trial. Fidelity should have anticipated that the Court's ruling may be against it. The trial will proceed as scheduled.

## CONCLUSION

Plaintiff's emergency motion for reconsideration of the Court's ruling of April

8, 2004 barring expert testimony of William J. Pollard, or in the alternative, for a one-week continuance of the trial is denied.

Samuel Der-Yeghiayan
United States District Court Judge

Date: April 9, 2004