# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FIDELITY NATIONAL TITLE INSURANCE )
COMPANY OF NEW YORK, )
    Plaintiff, )
)
) No. 00 C 5658
)
v. )
) Honorable Charles R. Norgle
)
INTERCOUNTY NATIONAL TITLE )
INSURANCE COMPANY, INTERCOUNTY )
TITLE COMPANY OF ILLINOIS, INTIC )
HOLDING COMPANY, STEWART TITLE )
COMPANY, STEWART TITLE GUARANTY )
COMPANY, STEWART INFORMATION )
SERVICES CORP., et. al., )
)
    Defendants. )

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Defendant Jack Hargrove's ("Hargrove") motion to set aside the default judgment entered against him and in favor of Plaintiff Fidelity National Title Insurance Company of New York ("Fidelity") in the amount of $27,521,303.38. Hargrove is currently incarcerated and operating on a pro se basis. He brought the motion pursuant to FED. R. CIV. P. 55(c). For the following reasons, the motion is granted.

## I. BACKGROUND

Fidelity initiated this case against Hargrove and others on November 14, 2000. Hargrove's counsel entered an appearance on Hargrove's behalf on October 13, 2000, and thereafter filed a motion to dismiss Fidelity's complaint. Eventually, on January 26, 2001, after the assigned judge adjudicated the motion to dismiss, Hargrove filed an answer to Fidelity's

complaint. Fidelity filed an amended complaint on April 9, 2001. Hargrove filed a partial answer to Fidelity's amended complaint and moved to dismiss the remaining counts. When the assigned judge resolved Hargrove's motion to dismiss, Hargrove on May 11, 2001 filed his answer to any counts that remained outstanding. Thereafter, the parties, including Hargrove, proceeded to trial on Fidelity's claims. On April 26, 2004 a federal jury returned a verdict against Fidelity on certain counts, against Hargrove with respect to Fidelity's breach of fiduciary duty claim and in favor of Hargrove on Fidelity's conversion claim. Fidelity appealed the verdict, and the Seventh Circuit reversed and remanded the case for a new trial. Then, on October 6, 2005, the District Court's Executive Committee reassigned the case to this Court.

While the case was on appeal, Hargrove was tried and convicted of various criminal charges related to Fidelity's civil claims. Then, on November 21, 2006, Hargrove's attorney sought leave to withdraw as counsel for Hargrove in the civil case. In his motion, Hargrove's attorney asserted that as part of the criminal judgment against Hargrove, Hargrove became jointly and severally liable for a forfeiture judgment in the amount of $58,000,000.00. Moreover, Hargrove's attorney represented to the Court that Hargrove began serving a 14-year sentence in October 2006 and "will not defend himself further in this case." See Mot. to Withdraw [Dkt. 818], ¶ 3. He went on, explaining that "[Hargrove] is no longer in a position to expend further resources or to participate in his defense." Id. ¶ 4. Based on these representations, without any input from Hargrove, the Court granted the motion.

On August 6, 2008, almost two years after Hargrove's counsel withdrew from the case and after the Court entered summary judgment against Fidelity on its claims against Stewert Title Guaranty Company, Fidelity moved for default judgment against Hargrove. In support of the default, Fidelity relied almost exclusively on the statements made by Hargrove's former attorney

2

in his motion to withdraw. Fidelity argued specifically that "Hargrove's counsel's statement . . . constitutes a waiver of all defenses Hargrove may have in this case and is a sufficient basis for entering default against him." See Mot. for Entry of Default [Dkt. 920], ¶ 9. The Court set a briefing schedule on Fidelity's motion and ordered Hargrove to file a response by August 29, 2008. Hargrove failed to respond. Thus, on September 8, 2008 the Court entertained Fidelity's motion, without Hargrove present, granting the motion at the conclusion of the hearing. As later learned, Hargrove had filed his pro se appearance that same day. The following month, on October 21, 2008, after a prove-up, the Court entered the order of default judgment against Hargrove. Two days later, Hargrove filed his motion to set aside the default, which is currently before the Court. The clerk entered judgment against Hargrove on November 21, 2008.

## II. DISCUSSION

### A. STANDARD OF DECISION

A district court generally has discretion to vacate or set aside a default judgment, either for "good cause" pursuant to Rule 55(c) or under the rationales set out in Rule 60(b). Robinson Eng'g Co. Pension Plan & Trust v. George, 223 F.3d 445, 448 (7th Cir. 2000); Jones v. Phipps, 38 F.3d 158, 162 (7th Cir. 1994); Chrysler Credit Corp. v. Macino, 710 F.2d 363, 367 (7th Cir. 1983). The applicable subsection in this case is Rule 55(c). In the Seventh Circuit, under Rule 55(c) a district court that has entered a default against a party retains "the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity of relief" either by motion or by means other than a motion. See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 386-87 (7th Cir. 2008).

## B. HARGROVE'S DEFAULT WAS NOT WILLFUL

In support of his motion, Hargrove first insists that there was no default because he answered the complaint. So much is true. There is no dispute that Hargrove defended himself in this action for many years prior to his incarceration. But this is not the determinative issue. Fidelity based its motion for default on the statements contained in Hargrove's attorney's motion to withdraw. Thus, the Court must determine whether those statements constitute Hargrove's waiver of defenses so that they justify the default at a point after he answered the complaint. Upon further review, we find that they do not.

Despite his attorney's withdrawal, Hargrove now claims that he defended himself before and that he "stands ready to do so again." See Mot. To Set Aside Default at 3. Hargrove avers that he never stated "he will not defend himself further in this case." Id. He was not present when his attorney presented the motion to withdraw, and there is nothing to show that Hargrove instructed his attorney to abandon his defense. Indeed, the only evidence of such a statement appears in his attorney's motion to withdraw. But from Hargrove's standpoint, these were the words of his attorney; they were not his. The Court finds, then, that because of Hargrove's uncontested, conflicting testimony, his attorney's statements did not constitute a waiver of his defenses, and that any waiver that may have occurred was not reckless, willful or intentional.

Fidelity relies on e360 Insight v. Spamhaus Project to support the opposing view. But that case is inapposite. There, the Seventh Circuit affirmed a default judgment against a company that had instructed its counsel to inform the court at a status hearing that the company did not want to participate in its defense any further. 500 F.3d 594, 596 (7th Cir. 2007). The company also instructed its counsel to withdraw the company's answer to the complaint and to withdraw as its counsel. Id. According to the colloquy that took place at the status hearing, this

was the only authority that the company granted its counsel at the hearing. Following these instructions, the company's counsel explained to the court that the company was fully aware that a default judgment against it was a "real possibility" and the company "was prepared to take that risk." Id. at 596-97. The court therefore granted the motion and entered an order of default.

This case, however, presents an entirely different situation. Again, here, there is nothing to show that Hargrove instructed his counsel to abandon his defense. Hargrove did not withdraw his answer, and the circumstances under which Hargrove's attorney withdrew, aside from Hargrove's inability to pay his attorney's fees, remain unclear. Finally, there is nothing to show that Hargrove had any idea, or that his attorney explained to him, that a default judgment was a distinct possibility. Under the circumstances, e360 Insight does not apply.

## C. A Meritorious Defense

In further support of his motion, Hargrove asserts that he has numerous meritorious defenses. Without much detail, Hargrove denies generally any wrongdoing and claims that his limited success at the first trial illustrates that he may have additional success in defending his claims in another trial. While these assertions normally would not satisfy the existence of a meritorious defense, Pretzel & Stouffer v. Imperial Adjusters, Inc., 28 F.3d 42, 46 (7th Cir. 1994) ("[A] meritorious defense requires more than a 'general denial.'"), the Court will assume that Hargrove, who is representing himself, intends to rely on his previously asserted defenses in support of this motion, which, from what we can tell, were partly meritorious in the previous trial. See Despenza v. O'Leary, 889 F.2d 113, 114-15 (7th Cir. 1989) (acknowledging the courts' obligation to make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights); Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (noting that the right to self-representation should not be impaired by the harsh application of technical rules).

Accordingly, the Court finds that Hargrove has established that he has a meritorious defense to satisfy "good cause" to vacate the entry of default against him.

### III. CONCLUSION

For these reasons, Defendant Jack Hargrove's motion to set aside the default judgment entered against him in the amount of $27,521,303.38 is granted.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES R. NORGLE, Judge
United States District Court

DATED: 6/25/2009